**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:

GUILFORT DIEUVIL,

      Debtor.

CHAPTER 11
SUBCHAPTER V

CASE NO.  24-62267-BEM

## MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE
## PURSUANT TO SECTION 1112(b) OF THE BANKRUPTCY CODE

COMES NOW Guilfort Dieuvil ("Debtor"), by and through the undersigned counsel, and hereby files this *Motion to Dismiss Debtor's Chapter 11 Case Pursuant to Section 1112(b) of the Bankruptcy Code* (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

### JURISDICTION

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

### BACKGROUND

2.     On November 18, 2024 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3.     Debtor is a resident of Georgia. Debtor is self-employed as a business consultant and property manager. Additionally, Debtor owns and manages residential rental properties located at: (i) 1870 Spotted Owl Drive SW, Vero Beach, Florida 32962 ("1870 Spotted Owl"); and (ii) 8757 Baystone Cove, Boynton Beach, Florida 33473 ("8757 Baystone Cove").

4.     Principal creditors in the case include: (1) US Bank N.A. as Legal Title Trustee for Truman 2016-SC6 ("U.S. Bank-Truman"), whose mortgage is serviced by Rushmore

Servicing, secured by a first priority lien on 8757 Baystone Cove, with an outstanding amount of $970,874.25 (the "Baystone Cove Lien"); and (2) US Bank N.A. as Trustee of Cabana Series V Trust ("U.S. Bank-Cabana"), whose mortgage is serviced by SN Servicing Corporation, secured by a first priority lien on 1870 Spotted Owl with an outstanding amount of $524,652.57 (the "Spotted Owl Lien" and collectively with the Baystone Cove Lien, the "Secured Liens").  Debtor had fallen behind on mortgage payments and was facing foreclosure on one of the properties due to extended vacancy.

5.      The Debtor scheduled the 8757 Baystone Cove for a total value of $500,900.00 (Doc. No. 33 at 13). Debtor scheduled 1870 Spotted Owl for a total value of $245,900.00 (Doc. No. 33 at 12). As such, the Debtor's properties are fully encumbered by the Secured Liens.

6.      U.S. Bank-Truman and U.S. Bank-Cabana filed objections to Debtor's proposed Chapter 11 Plan of Reorganization (the "Confirmation Objections").

7.      In light of the Confirmation Objections, Debtor seeks to dismiss his case. Debtor requests the Court dismiss Debtor's case pursuant to 11 U.S.C. § 1112(b).

## RELIEF REQUESTED

8.      Under Section 1112(b) of the Bankruptcy Code, a court may dismiss a debtor's Chapter 11 case "for cause."  11 U.S.C. § 1112(b); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re Blunt*, 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999).  Section 1112(b) states, in pertinent part:

> (b)…on request of a party in interest, and after notice and a hearing, the court shall…dismiss a case under this chapter…for cause…

11 U.S.C. § 1112(b).  A determination of cause is made by the court on a case-by-case basis. *See Albany Partners*, 749 F.2d at 674.  In addition, a bankruptcy court is not required to explain its

reasons for dismissal in detail because such decisions are particularly delegated to the bankruptcy court's sound discretion. *See In re Camdon Ordnance Mfg. Co. of Arkansas, Inc.*, 1999 WL 587790, at *2 (Bankr. E.D. Pa. 1999) (citing *In re Atlas Supply Corp.*, 837 F.2d 1061, 1063 (5th Cir. 1988)). Therefore, it is clear that the Court is authorized to dismiss the Debtor's Chapter 11 case upon a showing of "cause."

9. The legislative history of Section 1112(b) indicates that a court has wide discretion to use its equitable powers to dispose of a debtor's case. H.R.Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, *see also In re Preferred Door Co.*, 990 F.2d 547, 549 (10th Cir. 1993) (a court has broad discretion to dismiss a bankruptcy case); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (determination of whether cause exists under Section 1112(b) "rests in the sound discretion" of the bankruptcy court); *In re Koerner*, 800 F.2d 1358, 1367 & n. 7 (5th Cir. 1986) (bankruptcy court is afforded "wide discretion" under Section 1112(b); *Albany Partners*, 749 F.2d at 647. Cause for dismissal of bankruptcy case is not limited to examples enumerated in 11 USCS § 1112 but is a matter of discretion for court. *In re Mid-Valley Aggregates, Inc*. 49 BR 498 (Bankr. D. N.D. 1985). For reasons more fully explained below, the Court should use its grant of broad authority to dismiss the Debtor's Chapter 11 case.

10. Section 1112(b) provides a nonexclusive list of ten (10) grounds for dismissal. 11 U.S.C. § 1112(b)(1)-(10); *Frieouf v. U.S.*, 938 F.2d 1099, 1102 (10th Cir. 1991) (Section 1112(b)'s list is non-exhaustive); *Blunt*, 236 B.R. at 864. One such ground is where a party-in-interest shows that there is an "inability to effectuate a plan [of reorganization]". 11 U.S.C. § 1112(b)(2); *In re Preferred Door Co.*, 990 F.2d 547, 549 (10th Cir. 1993); *In re Sullivan Cent. Plaza I*, 935 F.2d 723, 728 (5th Cir. 1991). Thus, the Court may dismiss the Debtor's Chapter 11

case where it is reasonably shown that the Debtor is unable to effectuate a plan. 11 U.S.C. § 1112(b)(5).

11. Inability to effectuate a plan arises when a debtor lacks the capacity to "formulate a plan or carry one out" or where the "core" for a workable plan of reorganization "does not exist." *See Preferred Door*, 990 F.2nd at 549 (quoting *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989) (inability to effectuate a plan arises where debtor lacks capacity to formulate a plan or carry one out); *Blunt*, 236 B.R. at 865 (cause found to dismiss debtor's cause under Section 1112(b)(2) where "core" for a workable plan of reorganization found to be nonexistent).

12. Debtor's assets are fully encumbered by the Secured Liens and the Debtor lacks the capacity to formulate a feasible plan of reorganization based on the Confirmation Objections.

13. Accordingly, the Debtor has made the determination that he no longer wishes to prosecute the bankruptcy case.

14. Since the Debtor's assets are fully encumbered by the Secured Liens, dismissal of Debtor's Chapter 11 case is preferred in this instance because the administrative costs associated with Debtor's estate remaining in a Chapter 11 case or the appointment of a Chapter 7 trustee would be significant and unnecessary.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court enter an Order (a) dismissing the Debtor's Chapter 11 case under section 1112(b) of the Bankruptcy Code, and (b) granting such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 5th day of March, 2025.

**JONES & WALDEN LLC**

*/s/ Mandy L. Milner*
Mandy L. Milner
Georgia Bar No. 170681
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
mmilner@joneswalden.com
*Attorney for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE:

**GUILFORT DIEUVIL,**

Debtor.

CHAPTER 11
SUBCHAPTER V

CASE NO.  24-62267-BEM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date indicated below, the foregoing *Motion to Dismiss Debtor's Chapter 11 Case Pursuant to Section 1112(b) of the Bankruptcy Code* (the "<u>Motion</u>") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Motion to the following parties who have appeared in these cases under the Bankruptcy Court's Electronic Case Filing Program:

- **John G. Brookhuis**    jbrookhuis@mtglaw.com
- **Lisa F. Caplan**    lcaplan@rlselaw.com, nbrown@rlselaw.com;akhosla@rlselaw.com;ruluecf@gmail.com;BKRL@ecf.courtdrive.com
- **Bret J. Chaness**    bchaness@rlselaw.com, BJC-ECF-Notifications@rubinlublin.com
- **Alan Hinderleider**    Alan.Hinderleider@usdoj.gov
- **Anjali Khosla**    akhosla@rlselaw.com, lcaplan@rlselaw.com;nbrown@rlselaw.com;ruluecf@gmail.com;BKRL@ecf.courtdrive.com
- **Marc E. Ripps**    meratl@aol.com
- **John T. Whaley**    trustee@jtwcpa.net, jtwhaley@jtwcpa.net

I further certify that on this day I served a copy of the Motion on the parties listed on the attached mailing matrix, via U.S. First Class Mail with adequate postage prepaid.

This 5th day of March, 2025.

**JONES & WALDEN LLC**
*/s/ Mandy L. Milner*
Mandy L. Milner
Georgia Bar No. 170681
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
mmilner@joneswalden.com
*Attorney for Debtor*

Label Matrix for local noticing
113E-1
Case 24-62267-bem
Northern District of Georgia
Atlanta
Wed Mar  5 16:11:27 EST 2025

(p)ASCENDIUM EDUCATION SOLUTIONS INC
38 BUTTONWOOD COURT
MADISON WI 53718-2156

Ascendium Education Solutions, Inc OBO
Florida Department of Education OSFA
PO Box 8961
Madison WI 53708-8961

Canyon Isles Homeowners Association, Inc.
c/o Sachs Sax Caplan
6111 Broken Sound Pkwy NW, Suite 200
Boca Raton, FL 33487-3644

(p)OFFICE OF THE ATTORNEY GENERAL OF GEORGIA
BUSINESS AND FINANCE BANKRUPTCY
40 CAPITOL SQUARE SW
ATLANTA GA 30334-9057

Credit Collection Services
PO Box 607
Norwood, MA 02062-0607

Credit One Bank
P.O. Box 60500
City Of Industry, CA 91716-0500

Credit One Bank
Robert DeJong, President
6801 S Cimarron Rd
Las Vegas, NV 89113-2273

Guilfort Dieuvil
Unit 7326
231 18th Street, NW
Atlanta, GA 30363-1160

Emmanuel Jean Baptiste
131 NE 17th Ave
Boynton Beach, FL 33435-2210

Emmanuel Jean Baptiste
3260 East Palm Dr
Boynton Beach, FL 33435-1633

Falcon Trace Homeowners Association, Inc.
3900 Woodlake Blvd #309
Lake Worth, FL 33463-3046

Florida Department of Revenue
West Palm Beach Service Center
2468 Metrocentre Blvd
West Palm Beach, FL 33407-3105

Ford Credit
Box 105697
Atlanta, GA 30348-5697

Freedom Mortgage
951 Yamato Rd
Boca Raton, FL 33431-4444

Georgia Department of Labor
Suite 900
148 Andew Young Internat'l Blvd
Atlanta, GA 30303-1733

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3206

Georgia Dept. of Labor
Suite 826
148 Andrew Young Inter. Blvd., NE
Atlanta GA 30303-1751

Georgia Dept. of Labor
Suite 910
148 Andrew Young Inter. Blvd., NE
Atlanta GA 30303-1751

Indian River County Tax Collector
1860 82nd Ave., Ste 102
Vero Beach, FL 32966-6997

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346

Jeffrey Harris
848 Royal Palm Beach Blvd
West Palm Beach, FL 33411-3405

Magdadene Dieuvil
8758 Baystone Cove
Boynton Beach, FL 33473

Marie Jean Baptiste
314 S C Street
Lake Worth, FL 33460-4045

Marie Jean Baptiste &
Frantz Duval
4000 Avenue L
Fort Pierce, FL 34947-2316

Marie Jean Baptiste & Frantz Duval
3260 East Palm Dr
Boynton Beach, FL 33435-1633

NewRez LLC d/b/a Shellpoint
Mortgage Servicing
PO Box 10826
Greenville, SC 29603-0826

Office Of the Chief Co. IRS
1111 Constitution Ave
Washington, DC 20224-0001

Palm Beach County
Constitutional Tax Collector
301 N Olive Ave, 3rd Floor
West Palm Beach, FL 33401-4791

Palm Beach County Code Enforcement
2300 North Jog Road
West Palm Beach, FL 33411-2750

Palm Beach County Water Utilities
9045 Jog Road
Boynton Beach, FL 33472-2502

Rushmore Servicing
8950 Cypress Waters Blvd
Coppell, TX 75019-4620

(p)SN SERVICING CORPORATION
323 FIFTH ST
EUREKA CA 95501-0305

Secretary of the Treasury
15th & Pennsylvania Avenue, NW
Washington, DC 20200

The Bank of Missouri
Adrian Breen, President
916 N Kings Hwy
Perryville, MO 63775-1204

Today
Bank of Missouri
PO Box 309
Perryville, MO 63775-0309

U. S. Securities and Exchange Commission
Office of Reorganization
Suite 900
950 East Paces Ferry Road, NE
Atlanta, GA 30326-1382

U.S. Attorney
600 Richard B. Russell Bldg
75 Ted Turner Drive, SW
Atlanta, GA 30303-3315

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20350-0001

U.S. Bank Trust National Association,
as Trustee for Cabana Series V Trust
c/o SN Servicing Corporation
323 Fifth Street
Eureka, CA 95501-0305

U.S. Bank, National Association as Legal Tit
Attn: Bankruptcy Department
PO Box 619096
Dallas, Texas 75261-9096

US BANK NATIONAL ASSOCIATION
c/o
Carrington Mortgage Services, LLC
Bankruptcy Department
1600 South Douglass Road
Anaheim, CA 92806-5948

US Bank NA as Legal Title
Trustee for Truman 2016 SC6
200 Business Park Dr, Ste 103
Armonk, NY 10504-1751

US Bank NA as trustee of
Cabana Series V Trust
9000 Southside Blvd
Jacksonville, FL 32256-0793

United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303-3315